OPINION AND ORDER
A Notice of Appeal and Motion for Stay were timely filed herein by Appellant Margaret Payne on August 12, 2015. We determined there were grounds for granting the Appeal but not for granting a stay of the judgment of the Tribal Trial Court. The matter has been fully briefed. We affirm the Tribal Trial Court in accordance with the following.
Margaret Payne, Petitioner/Appellant petitioned the Tribal Trial Court to name her the personal representative of the estate of her mother, Annabelle White Eagle. Annabelle White Eagle made a will dated November 6, 1989 and a codicil to the will dated April 26, 2013. The 2013 codicil purported to bequeath a residence in Wolf Point, Montana to Margaret Payne. Darrel and Richard White Eagle challenged implementation of the codicil. They provided a document dated April 17, 2003 conveying the home from Annabelle White Eagle to Richard White Eagle. Thus, they argued that Annabelle White Eagle had already conveyed the property when she made the 2013 codicil. The Tribal Tidal Court agreed, ruling on July 1, 2015, that the codicil was ineffective because at the time she signed the codicil, Annabelle White Eagle no longer owned the home.
Following the Tribal Trial Court’s original decision, Petitioner/Appellant, Margaret Payne filed a Motion to Reconsider the decision, asserting that the 2003 deed of conveyance was invalid, first, because it was not signed by either the Superintendent of the Fort Peck Agency or the Chairman of the Fort Peck Tribes, second, that it did not include the tribal lease for the land on which the residence is located and third, because it did not include the land description of the residence location. On July 22, 2015, the Tribal Court declined to reconsider. The Court determined that law did not require a signature by the BIA Fort Peck Agency Superintendent or the Fort Peck Tribal Chairman because the Tribe no longer had an interest in the home in 2003. The Court farther found that the lease could not have been transferred in the conveyance of 2003. Finally, the Court held that failure to include the Fort Peck Housing Authority dwelling unit description did not render the conveyance *216 invalid because all the documents identify the home by the land description.
Under Fort Peck Tribes Comprehensive Code of Justice Title II, Chapter 2, section 202, “The Court of Appeals shall review de novo all determinations of the Tribal Court on matters of law, but shall not set aside any factual determinations of the Tribal Court if such determinations are supported by substantial evidence.” We find the factual determinations of the Tribal Trial Court are supported by substantial evidence. Further, the legal conclusions of the Tribal Trial Court are well reasoned and correct.
Therefore, the ORDER of the Fort Peck Tribal Court is hereby affirmed.